## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CHARLES EDWARD JONES, SR.**                                    **PETITIONER**
**ADC #144544**

**v.**                        **CASE NO.: 5:12CV00019-JLH-BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

### RECOMMENDED DISPOSITION

**I**.        **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Chief Judge J. Leon Holmes.  Mr. Jones – or any party – may

file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

A Pulaski County jury convicted petitioner Charles Edward Jones of four counts of rape and sentenced him to four consecutive terms of 40 years' imprisonment in the Arkansas Department of Correction. *Jones v. State*, No. CACR 09-990, 2010 Ark. App. 324, 2010 WL 1509491, at *1. Mr. Jones filed a direct appeal of his conviction. *Id.*

In his appeal, Mr. Jones argued that the trial court erred in denying his motion for directed verdict on count one, which charged him with raping A.T., a seven-year-old victim.[1] *Id.* *2. He first argued that A.T.'s testimony was insufficient to establish an essential element of rape – penetration. The Court of Appeals rejected this argument, pointing out that any inconsistencies in the victim's testimony were appropriately resolved by the jury.[2] *Id.*

---

[1] He did not challenge the sufficiency of the evidence on the other three counts of rape.

[2] As Mr. Jones points out in his reply to the response, there appears to be a typographical error in the opinion of the Arkansas Court of Appeals. (#11 at p. 5) The court clearly rejected the argument that A.T.'s testimony was insufficient and affirmed the conviction. However, the opinion states, "we find error in the trial court's denial of appellant's directed verdict motion." *Jones*, 2010 WL 1509491 at *2. There is no doubt, however, that the Court of Appeals rejected Mr. Jones's argument.

2

Mr. Jones also argued that the trial court erred by admitting the testimony of Karen Farst, M.D.  Dr. Farst had treated R.A., an eleven-year-old witness, who testified at the trial about her own allegation of rape against Mr. Jones in a separate case.  *Id*.  Dr. Farst testified that R.A. had been infected with chlamydia, a sexually transmitted disease.  *Id*.  The doctor further testified a girl of R.A.'s age could have contracted chlamydia only through sexual contact and that, at a minimum, the labia majora would have to have been penetrated in order to transmit the disease.  *Id*.

The Arkansas Court of Appeals held that it was not error for the trial court to have admitted the testimony of R.A. and Dr. Farst.  *Id*.  The court found that the presence of the infection made R.A.'s testimony regarding penetration more probable, and corroborated R.A.'s account of rape.  *Id*.  Further, it held that the trial court did not err by concluding that evidence of a similar incident and additional corroboration of penetration of the other young victim were relevant to the fact-finder's determination of whether Mr. Jones penetrated A.T.  *Id*.

The Court of Appeals affirmed the trial court's denial of Mr. Jones's directed verdict motion because there was substantial evidence to support the verdict.  Mr. Jones did not seek further review by the Arkansas Supreme Court.

Mr. Jones then filed a timely pro se petition for post-conviction relief with the trial court, under Arkansas Rule of Criminal Procedure 37.1, which the trial court denied.  (#9-

3 at pp. 20-23)  He appealed the order denying his Rule 37 petition to the Arkansas

Supreme Court.  *Jones v. State*, 2011 Ark. 523,  2011 WL 6091468, *1.

The Arkansas Supreme Court dismissed the appeal upon Mr. Jones's filing of a

motion for transcript and petition for writ of mandamus, holding that it was clear that Mr.

Jones could not prevail on his appeal.  *Id*.  The court found that the claims asserting error

by the trial court (that the jury did not decide the evidence, that the evidence was

insufficient, and that he was prejudiced by the admission of testimony by Dr. Faust) were

not cognizable in a Rule 37.1 proceeding.  *Id*. (citing *Mingboupha v. State*, 2011 Ark.

219).

The court did address, however, four grounds for relief relating to claims of

ineffective assistance of counsel.  Mr. Jones argued that counsel was ineffective for:  (1)

not properly objecting to the admission of the evidence of another rape; (2) not revealing

a conflict of interest somehow related to prosecutorial misconduct and the entry of a

guilty plea; (3) not revealing a conflict of interest relating to an unconstitutional arrest and

the failure to suppress evidence of the other rape; and (4) failing to properly

cross-examine a witness or suppress evidence from the unrelated case concerning R.A.'s

chlamydia.  *Id*. at *2-3.  The Arkansas Supreme Court held that Mr. Jones did not

provide any facts to support a finding of prejudice under the second prong of the test for

establishing ineffective assistance of counsel set forth in *Strickland v. Washington*, 466

U.S. 104 S.Ct. 2052 (1984).  *Id*. at *3-6.

Mr. Jones then filed this petition for writ of habeas corpus claiming: (1) the trial court violated his Fourth Amendment rights because he was arrested without probable cause, and his Fifth- and Fourteenth- Amendment due process rights because the felony information was defective; (2) the trial court violated his Sixth Amendment right to confront his accuser when it admitted the testimony of R.A. and Dr. Farst; (3) the "procedural delays of Act III" violated his Sixth- and Fourteenth- Amendment rights; (4) the prosecutor and trial court violated a court rule when the detective requesting an arrest warrant was not required to make accusations for the warrant under oath; (5) the prosecutor and his court-appointed attorney violated his Sixth- and Fourteenth- Amendment rights by failing to subpoena witnesses and by improperly admitting the testimony of R.A. and Dr. Farst; (6) the Municipal Court of North Little Rock and Circuit Court of Pulaski County lacked jurisdiction; and (7) there was insufficient evidence presented at trial to support his conviction.

Mr. Hobbs responds that all of Mr. Jones's claims, except for his jurisdictional claim and sufficiency of the evidence claim, are procedurally defaulted. He argues that Mr. Jones's jurisdictional claim should be dismissed because he has not set forth any facts to support it, and the evidence introduced at trial was sufficient to support his conviction. For the reasons explained below, Mr. Jones's petition should be dismissed.

III.   **Discussion**

A.   Standard of Review

A federal court may grant a writ of habeas corpus to a state prisoner only if a state

court decision was contrary to, or involved an unreasonable application of, clearly

established federal law or was based on an unreasonable determination of the facts in the

light of evidence presented in the state court proceeding.  *Garrison v. Burt*, 637 F.3d 849,

853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)).  Relief will be granted only if the state

court decision is both incorrect and unreasonable.  *Id*. (quoting *Cole v. Roper*, 623 F.3d

1183, 1187 (8th Cir. 2010)).  The Court must presume the state court's factual findings

are correct, and it is Mr. Jones's burden to rebut this presumption by clear and convincing

evidence.  *Id*. (citations omitted).

B.   Procedural Default

Federal courts cannot grant habeas corpus relief based on procedurally defaulted

claims if the last state court rendering a judgment in the case clearly and expressly stated

that its judgment rests on state law procedural grounds.  *Oglesby v. Bowersox*, 592 F.3d

922, 924 (8th Cir. 2010) (citations omitted); see also *Crawford v. Minnesota*, 498 F.3d

851, 854 (8th Cir. 2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546

(1991)).  Federal courts do not sit to correct a state court's application of its **ordinarily**

adequate procedural rules except in unusual circumstances.  See *Lee v. Kemna*, 534 U.S.

362, 376, 122 S.Ct. 877 (2002).  To be independent and adequate, a state procedural bar

must be firmly established and regularly followed by the time it is applied.  *Crawford*, 498 F.3d at 854 (citing *Ford v. Georgia*, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)).  Here, all of Mr. Jones's claims, except for his sufficiency of the evidence claim and ineffective assistance of counsel claims, are procedurally defaulted.[3]

### 1.      Unconstitutional Arrest

The first claim in this petition relates to Mr. Jones's arrest.  In state court, Mr. Jones did not challenge his arrest until he brought a post-conviction petition to the trial court under Rule 37 of the Arkansas Rules Of Criminal Procedure.  The trial court denied the claim because it was not appropriately raised in a Rule 37 petition.  Likewise, the Arkansas Supreme Court refused to consider his arrest-related claim on appeal because, under Arkansas law, a claim of trial court error is not cognizable under Rule 37.  *Jones*, 2011 Ark. 523, *1 (citing *Mingboupha v. State*, 2011 Ark. 219 (per curiam)).  Accordingly, Mr. Jones procedurally defaulted his arrest-related claim.  See *Wooten v.*

---

[3]Mr. Hobbs argues that Mr. Jones's ineffective assistance of counsel claims are procedurally defaulted.  He is correct that the Arkansas Supreme Court stated that it was dismissing the claims, in part, based on Mr. Jones's failure to fully research and develop his arguments.  (#9 at p. 7)  The Arkansas Supreme Court, however, went on to address the merits of Mr. Jones's ineffective assistance of counsel claims, applying the standard set out in *Strickland.*  Accordingly, the ineffective assistance of counsel claims raised with the state courts are not procedurally defaulted and are properly before the Court in this petition.  See *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007) (when a state court decides an issue on the merits despite a possible procedural default, no independent state ground bars consideration of the claim by a federal habeas court) (quoting *Sweet v. Delo*, 125 F.3d 1144, 1150 (8th Cir. 1997)).

*Norris*, 578 F.3d 767, 778 (8th Cir. 2009)(holding claims that are not properly developed in the state courts are procedurally defaulted).

2.     Testimony at Trial

For his second claim, Mr. Jones alleges that the trial court erred by allowing an eleven-year-old witness, R.A., to testify under Arkansas Rule of Evidence 404(b).  (#2 at p. 7)  This challenge was not raised by Mr. Jones in his direct appeal.  On direct appeal, he claimed only that the trial court erred by allowing the testimony of Dr. Farst, R.A.'s physician.  Consequently, he has procedurally defaulted this claim.

Here, Mr. Jones also reiterates his claim that the trial court erred by allowing Dr. Farst's testimony.  (#2 at p. 7)  To qualify for federal habeas corpus relief, a petitioner must first fairly present the facts and substance of his habeas claims to the state court. *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) (citations omitted).  "Fairly presenting facts and claims" means that a petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in his state court filings.  *Id*.  (citing *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir.1996)).

Here, Mr. Jones raised his evidentiary claim on direct appeal in the state court, but he raised only state-law evidentiary issues.  He argued that Dr. Farst's testimony should have been excluded as irrelevant under Arkansas Rule of Evidence 401 and should have been declared inadmissible under Arkansas Rule of Evidence 402.  (#9-2 at pp. 6-9)

Likewise, in his appellate brief, Mr. Jones did not refer to any federal constitutional provision, any federal case, or any state case that raised a federal constitutional claim relating to the admission of the testimony. Instead, he cited only Arkansas law. Accordingly, Mr. Jones did not present the substance of his federal constitutional claim to the state court, and he is procedurally defaulted from raising that claim in this petition.

3. Speedy Trial

For his third claim, Mr. Jones states the trial court's "procedural delays of Act III" caused a violation of his Sixth- and Fourteenth- Amendment rights. (#2 at p. 8, #11 at p. 3) Mr. Jones raised a speedy trial[4] challenge for the first time in his appeal of the trial court's denial of his Rule 37 petition. (#9-4 at p. 3) The Arkansas Supreme Court declined to address the claim because it was a claim of trial court error that was not properly raised in a Rule 37 petition. *Jones* at *1-2 (citing *Mingboupha v. State*, 2011 Ark. 219 (per curiam)). Accordingly, Mr. Jones's speedy trial claim is procedurally defaulted. *Wooten*, 578 F.3d at 778.

---

[4] Under Arkansas Rule of Criminal Procedure 28.3(a), the speedy-trial clock is tolled when a defendant enters a plea of not guilty by reason of mental disease or defect and notifies the trial court that he seeks to have an "Act III" mental evaluation conducted pursuant to Arkansas Code Annotated § 5-2-305. As best the Court can determine, here Mr. Jones claims the prosecutor delayed in filing the report of his mental examination with the court in order to delay the trial and gain a tactical advantage. (#2 at p. 8, #11 at p. 3)

4.      Violation of a Court Rule

For his fourth claim, Mr. Jones states the prosecutor and trial court violated an

Arkansas court rule when the detective who obtained the arrest warrant failed to make her

accusations under oath.  Mr. Jones claims that, as a result of this rule violation, "all oral

testimony at trial and secured after the investigation should be suppress[ed]."  (#2 at p. 9)

This claim is procedurally defaulted for two reasons.  First, Mr. Jones never raised

this claim with the state courts.  As discussed above, a habeas petitioner must first present

the facts and substance of his federal constitutional claim to the state court.   *Middleton*,

455 F.3d at 855.  In this petition, Mr. Jones claims that the rule violation resulted in a

violation of his Fourth- and Fourteenth- Amendment due process rights, but he did not

raise this federal constitutional claim before the state court.  Thus, he procedurally

defaulted the claim.  *Id.*

Second, Mr. Jones's arrest warrant claim is barred under *Stone v. Powell*, 428 U.S.

465 (1976).  In *Stone*, the United States Supreme Court held that, where a state prisoner

has been afforded an opportunity to fully and fairly litigate a Fourth Amendment claim,

he will not be granted federal habeas corpus relief on the ground that evidence obtained in

an unconstitutional search or seizure was introduced at his trial.  *Stone*, 428 U.S. at 494.

A Fourth Amendment claim is deemed fully and fairly litigated only if:  (1) the

claim was actually heard in the state court; or (2) the state provided no procedure by

which the petitioner could raise his or her Fourth Amendment claim, or (3) the petitioner

was foreclosed from using that procedure because of an unconscionable breakdown in the system.  See *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007) (citing *Willett v. Lockhart*, 37 F.3d 1265, 1271–72 (8th Cir. 1994)).

In this case, the Fourth Amendment claim was not actually litigated, but Arkansas courts did provide Mr. Jones with the opportunity to file a motion to suppress under Arkansas Rule of Criminal Procedure 16.2 and to appeal his conviction to the Arkansas Supreme Court.  Mr. Jones did not raise this issue in a motion to suppress or in his direct appeal.  Accordingly, the claim cannot be heard in this federal habeas case.

5.      Ineffective Assistance of Counsel

For his fifth claim, Mr. Jones claims that his court appointed attorney and the state prosecutor violated his Sixth- and Fourteenth- Amendment compulsory-process rights by failing to use their subpoena power and by improperly admitting the testimony of R.A. and Dr. Farst.  Mr. Jones does not elaborate on his claim of prosecutorial misconduct alleged in this petition, and the claim was not raised with the state courts.  Accordingly, Mr. Jones has procedurally defaulted any claim of  prosecutorial misconduct.

In his reply to the response, Mr. Jones states that his lawyer should have subpoenaed witnesses who would have testified to his whereabouts during the relevant times.  Mr. Jones did not raise this particular ineffective assistance of counsel claim in his Rule 37 petition.  (#9-3 at p. 12)  Accordingly, he has defaulted the claim.

11

In his Rule 37 petition, Mr. Jones did raise the claim that his lawyer was ineffective for failing to properly object to the admission of evidence of the rape of R.A., which was being prosecuted in a separate case.  He also argued that his trial lawyer was ineffective for failing to suppress the testimony of Dr. Farst, R.A's physician.  *Jones*, 2011 Ark. 523 at *2-3.  These claims were reviewed by the Arkansas Supreme Court, and, accordingly, have not been procedurally defaulted.  *Id*.

6.  Jurisdiction

Mr. Jones claims the Municipal Court of North Little Rock, Arkansas, and the Circuit Court of  Pulaski County, Arkansas, lacked jurisdiction.  (#2 at p. 10, #11 at p. 4)  Mr. Hobbs argues in response that Mr. Jones failed to properly state facts supporting his claim of lack of jurisdiction.  It is true that Mr. Jones has offered few facts to support his claim, but his insurmountable problem with this claim is that he never presented it to the Arkansas state courts.

A jurisdictional claim is not exempt from the general rule that federal courts do not engage in collateral review of state court decisions based on state law.  See *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009)(quoting *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994)) (holding that petitioner had procedurally defaulted his jurisdictional claim by failing to raise it with Minnesota courts).  Here, Mr. Jones argues that the state courts lacked jurisdiction because the prosecution was without probable cause to arrest him, failed to follow a procedural rule related to his arrest, or because of  a deficiency

with the felony information.  (#11 at p. 4)  But he failed to present any of these as jurisdictional claims to the state courts.  Accordingly, the claims are procedurally defaulted and are not reviewable here unless he can establish cause and prejudice, or demonstrate that a failure to hear his case would result in a fundamental miscarriage of justice by denying relief to someone who is actually innocent.  *Id*.

C.    Cause and Prejudice to Excuse Procedural Default

1.    Ignorance of the law as Cause for Procedural Default

As cause for his default, Mr. Jones claims ignorance about criminal proceedings and a lack of understanding of the law.  (#2 at p. 9)  However, ignorance of the law does not amount to cause for a procedural default.  See *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir. 1989), cert. denied, 493 U.S. 942 (1989) (ignorance of law does not constitute cause for default); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (prisoner's misunderstanding of proper procedure to file state petition was not cause for tolling the statute of limitations); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law, and of the effect of his voluntary dismissal was not cause).

2.    Ineffective Assistance of Trial Counsel as Cause for Procedural Default

Mr. Jones also claims that his trial and appellate counsel were ineffective for failing to properly preserve issues for appeal.  (#11 at p. 4)  Ineffective assistance of counsel can constitute cause and prejudice to overcome a procedural default.  *Becht v.*

*U.S.*, 403 F.3d 541, 545 (8th Cir. 2005) (citations omitted).  But in order to proceed on his defaulted claim, Mr. Jones must first establish that his lawyers failed to exercise the customary skill and diligence that a reasonably competent attorney would have used under like circumstances; and second, that the deficient performance prejudiced his defense at trial.  *Id*.

Even assuming that Mr. Jones could establish that his trial and appellate counsels' assistance was ineffective, he has failed to show prejudice.  To demonstrate prejudice, Mr. Jones must show not merely that the errors at his trial created a *possibility* of procedural bar prejudice but also that, in fact, those errors worked to his *actual* and *substantial* disadvantage, infecting his entire trial with constitutional error.[5]  *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982)).  The burden of proving procedural-bar prejudice is higher than that required to establish ineffective assistance of counsel under *Strickland*.  *Id*. (citing *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir.1995)); but see *Clemons v. Luebbers*, 381 F.3d 744, 752-53 n. 5 (8th Cir. 2004) (noting the standards for prejudice

---

[5] The United States Supreme Court has not addressed the appropriate level of review a district court should perform when addressing a claim of ineffective assistance of counsel to excuse a procedural default.  See *Clemons v. Luebbers*, 381 F.3d 744, FN4 (2004)(citing *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003)).  Is it a *de novo* review under *Strickland,* or is it deferential analysis required under 28 U.S.C. § 2254(d)?  Like the court in *Clemons*, this Court suspects that the deferential standard of review under 28 U.S.C. § 2254(d) applies.  *Id*.  The question, however, need not be decided because Mr. Jones has not established prejudice under either standard of review.

14

under the *Strickland* analysis may be similar to the standards for prejudice under the procedural default analysis).

In his petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1, Mr. Jones claimed that his trial lawyer was ineffective for: (1) not properly objecting to the admission of the evidence of the rape of R.A.; (2) not revealing a conflict of interest somehow related to prosecutorial misconduct and the entry of a guilty plea; (3) not revealing a conflict of interest relating to an unconstitutional arrest and the failure to suppress evidence of the rape of R.A.; and (4) failing to properly cross-examine a witness or suppress evidence from Dr. Farst concerning R.A.'s chlamydia. *Id*. at *2-3.

In the order denying the Rule 37 petition, the trial court concluded that Mr. Jones's claim that his counsel failed to disclose conflicts of interest was wholly unsubstantiated. (#9-3 at p. 21) The trial court also found that Mr. Jones had failed to identify any ground upon which his trial counsel could have successfully moved to suppress the testimony of R.A. or Dr. Faust, or to impeach R.A. The court noted that the Arkansas Court of Appeals had considered on direct appeal Mr. Jones's argument that the testimony of Dr. Farst should have been excluded and had ruled that it was not error for the trial court to have admitted the testimony. (#9-3 at p. 22) The trial court concluded that Mr. Jones had not established ineffective assistance of counsel. (#9-3 at p. 22)

Mr. Jones appealed the trial court's denial of post-conviction relief.[6]  *Jones*, 2011 Ark. 523, 2011 WL 6091468 at *1.  The Arkansas Supreme Court noted that, under *Strickland*, it was Mr. Jones's burden to provide facts to affirmatively support his claim that he was prejudiced by his counsel's deficient performance.  *Id*. at *3.  The court held that Mr. Jones had failed to provide any facts to indicate that he was prejudiced by his counsel's performance.  *Id*. at *3-4.  The court upheld the trial court's conclusion that his counsel was not ineffective under *Strickland*.  *Id*.

In this petition, Mr. Jones claims that any procedural default was caused by his trial lawyer's failure to properly preserve issues for appellate review.  To establish prejudice for purposes of overcoming procedural default, Mr. Jones must affirmatively establish that there was not just a *possibility* of prejudice, but that the errors made by his lawyer *actually worked to his substantial disadvantage*, infecting his entire trial with constitutional error.  *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010).  Or even under the less rigorous *Strickland* prejudice standard, he would have to demonstrate a *reasonable probability* that the fact finder's decision would have been different if his trial counsel had preserved the argument and, as a result, there would have been a change in

---

[6] Mr. Jones appears to have raised new arguments on appeal including that the prosecutor made comments in opening statement that were not supported by testimony and that his due process rights were violated when he did not receive a fair and speedy trial under "Act III."  The Arkansas Supreme Court did not specifically address these new claims.

16

the outcome of the trial.  Here, Mr. Jones has not established prejudice under either standard.

Mr. Jones claims that his trial counsel failed to object to Dr. Farst's and R.A.'s testimony regarding the rape of R.A.  In fact, the record shows that Mr. Jones's lawyer filed a pretrial motion to exclude R.A.'s testimony.  The trial court denied the motion in a pretrial hearing.  (Respondent's Exhibit 3 at pp. 43-49)

Mr. Jones's counsel moved to exclude R.A.'s testimony a second time before trial, but the court again denied the motion. (Respondent's Exhibit 3 at p. 65)  At the same time, Mr. Jones's counsel also moved to exclude the testimony of Dr. Farst. (Respondent's Exhibit 3 at p. 61)  His lawyer argued that Dr. Farst's expected testimony – that R.A. had tested positive for chlamydia – would be unfairly prejudicial because there was no evidence linking R.A.'s sexually transmitted disease to Mr. Jones.  (Respondent's Exhibit 3 at p. 61)  *Jones v. State*, 2010 Ark. App. 324, *2.  The state responded that Dr. Farst's testimony would not be offered as proof of rape but rather as proof of penetration in the rape of A.T.  (Respondent's Exhibit 3 at p. 62)  The trial court rejected the motion to exclude Dr. Farst's testimony.

On direct appeal, the Arkansas Court of Appeals held that it was not error for the trial court to admit Dr. Farst's testimony because it made the testimony of R.A. regarding penetration more probable.  (Respondent's Exhibit 3 at p. 62)  *Jones*, 2010 Ark. App. at *2.

17

In this petition, Mr. Jones has not come forward with any argument his counsel could have raised that would have resulted in the exclusion of the testimony of either R.A. or Dr. Farst.  Moreover, Mr. Jones has not established that he was prejudiced by the admission of the testimony.  Even without the testimony of these witnesses, a reasonable fact finder could have found penetration based on the testimony of A.T.  Mr. Jones has not established that a successful objection to the testimony would have resulted in a different outcome at trial.  He has not met his burden of establishing that he was prejudiced by his trial counsel's performance in order to excuse his procedural default.

3.     Ineffective Assistance of Appellate Counsel as Cause for
       Procedural Default

Mr. Jones also claims that the lawyer who represented him on his direct appeal was ineffective for not consulting with him about the issues to be raised on appeal.  (#2 at pp. 7-10)  This claim of ineffective assistance of counsel was never presented to the state courts.  Accordingly, Mr. Jones cannot use it to establish cause for his procedural default. See *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir.2003)) (a claim or ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default).  Mr. Jones has not established cause and prejudice to excuse his procedural default.

D.	Miscarriage of Justice

Finally, Mr. Jones attempts to overcome his procedural default by claiming that a failure to review his claims would result in a "fundamental miscarriage of justice."[7]  (#11 at p. 4)  In order to establish actual innocence resulting in a fundamental miscarriage of justice, Mr. Jones must come forward with new, reliable evidence showing that he was actually innocent of the crime for which he was convicted.  *Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010)(citing *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064 (2006)).  Here, Mr. Jones has not come forward with any new evidence– evidence that was not available at trial– so as to establish his innocence.  Most of the claims raised in Mr. Jones's petition are procedurally defaulted and cannot be considered here.

E.	Ineffective Assistance of Counsel

In his Rule 37 petition, Mr. Jones claimed that his trial counsel was ineffective for failing to properly object to the admission of evidence of the rape of R.A., which was being prosecuted in a separate case.  *Jones*, 2011 Ark. 523 at *2-3.  Mr. Jones presented this claim to the state courts and raises it again in this petition.

---

[7] Mr. Jones argues that his trial counsel's failure to challenge the jury instructions on the essential elements of the offense charged and her failure to raise a claim of exculpatory evidence concerning R.A.'s "witness statement" resulted in a "miscarriage of justice."  (#11 at p. 4)   Neither of these claims was raised in the state courts, and, as set forth above, cannot be reviewed by this Court.  Moreover, these claims, which do not allege actual innocence, cannot succeed in establishing miscarriage of justice so as to excuse Mr. Jones's procedural default.

The Arkansas Supreme Court addressed Mr. Jones's ineffective assistance of counsel claims on appeal of the trial court's denial of his Rule 37 petition.  It applied the *Strickland* standard and concluded that Mr. Jones had not shown that his counsel's performance prejudiced his defense so as to deprive him of a fair trial.  *Jones*, 2011 Ark. at *3.  The court reasoned that Mr. Jones's conclusory allegations about his counsel's failure to object to the admission of testimony regarding R.A.'s rape did not provide any facts that would indicate prejudice to his defense.  *Id*. at *4, *6.  Mr. Jones did not demonstrate that there was a reasonable probability that the fact-finder's decision would have been different absent his counsel's error.  *Id*.

In this petition, Mr. Jones also claims that counsel was ineffective for failing to suppress the testimony of Dr. Farst that R.A. had chlamydia.  (#2 at p. 10)  Again, the Arkansas Supreme Court ruled that Mr. Jones failed to provide a basis on which it could find that the testimony could have been suppressed.  *Jones*, 2011 Ark. 523 at *6.

The Arkansas Supreme Court's rulings denying Mr. Jones's ineffective assistance of counsel claims were not an unreasonable application of clearly established federal law; nor were the rulings based on an unreasonable determination of the facts in the light of the evidence presented.  Accordingly, Mr. Jones's ineffective assistance of counsel claims fail.

F.      Sufficiency of the Evidence

In his petition, Mr. Jones repeatedly argues that there was insufficient evidence to support his conviction.  On direct appeal of his conviction, however, he alleged only that there was insufficient evidence to support his conviction on count one, charging him with raping A.T.  Accordingly, any other sufficiency of the evidence claims Mr. Jones seeks to raise in this petition were procedurally defaulted, so the Court will address only the sufficiency of the evidence as to count one.

In assessing a habeas corpus petition claiming insufficient evidence to support a state-court conviction, it is not relevant whether this Court believes that evidence introduced at trial established guilt beyond a reasonable doubt.  Instead, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Garrison v. Burt*, 637 F.3d 849, 854 (8th Cir. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)).  Because the applicable standard allows a court to grant habeas relief only if it finds the state unreasonably applied clearly established federal law, this Court can grant relief only if it finds that the conclusion of the Arkansas  Court of Appeals – that the evidence satisfied the *Jackson* sufficiency-of-evidence standard – was both incorrect and unreasonable.  *Id*. (citations omitted).

Under Arkansas law, a person commits the offense of rape if he engages in sexual intercourse or deviate sexual activity with another person who is younger than fourteen (14) years of age.  ARK. CODE ANN. § 5-14-103(a)(3)(A)  Mr. Jones argues the child victim's testimony was insufficient to establish the element of penetration.[8]

At trial, seven-year-old A.T. testified that Mr. Jones was "putting his privates to mine."  (Respondent's Exhibit 3 at p. 157)  She went on to clarify that by her "privates," she meant where she goes to the bathroom; and when referring to his "privates," she meant where he goes to the bathroom.  (Respondent's Exhibit 3 at p. 157)   When the prosecutor asked A.T., "[H]e was putting his privates in yours?"  A.T. responded, "[Y]es."

The Court has carefully reviewed the trial record and concludes that it was not incorrect or unreasonable for the Arkansas Court of Appeals to conclude that, viewing the evidence in the light favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of rape, including the penetration element. Thus, Mr. Jones's insufficiency of the evidence claim fails.

## IV.   Conclusion

The Court recommends that Judge Holmes dismiss Mr. Jones's petition for writ of habeas corpus, with prejudice.

---

[8] Under Arkansas law, sexual intercourse is defined as, "penetration, however slight, of the labia majora by a penis."  ARK. CODE ANN. § 5-14-101(11)

DATED this 29th day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE